UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00211-GNS

JOSEPH WILLIAM LUSTER                                                                    PLAINTIFF

v.

SHARON BIGAY LUSTER                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 7) and Plaintiff's Motion for Leave to File Sur-Reply (DN 10). The motions are ripe for adjudication. For the reasons stated below, Defendant's motion is **GRANTED**, and Plaintiff's motion is **DENIED**.

### I.  STATEMENT OF FACTS AND CLAIMS

Plaintiff Joseph William Luster ("Bill") and Defendant Sharon Bigay Luster ("Sharon") were married on September 15, 2009. (Compl. ¶ 6, DN 1). Before their marriage Bill formed Blu Pharmaceuticals, LLC ("Blu") and Blu Caribe, Inc. ("Caribe") (collectively, the "Pharmaceutical Companies"). (Compl. ¶ 7). Bill alleges that following their marriage, Sharon became involved in the daily operations of business as an officer of Blu, and as a director and officer of Caribe. (Compl. ¶ 9, Def.'s Mot. Dismiss 2, DN 7). In March 2016, Bill sold the Pharmaceutical Companies to PuraCap Laboratories, LLC ("PuraCap"), Caribe Holdings Co., Ltd., and Dangdai International Group Co., Limited. (Compl. ¶ 10). Bill entered into a consulting agreement and Sharon entered into an employment agreement with PuraCap. (Compl. ¶ 11; Def.'s Mot. Dismiss 3). Both of their agreements with PuraCap stated that all performance compensation payments would be divided between Bill and Sharon. (Compl. ¶ 12, Def.'s Mot. Dismiss Ex. 1, at 3, DN 7-

1

2). PuraCap failed to make any performance compensation payments, and Bill filed two lawsuits against PuraCap attempting to recover the outstanding payments. (Compl. ¶¶ 13-15).

On July 15, 2016, Sharon filed for divorce in Warren Family Court (Kentucky). (Comp. ¶ 16; Def.'s Mot. Dismiss 3, 4). Bill and Sharon entered into a Marital Settlement Agreement ("MSA"), dated July 26, 2019, under which Sharon agreed to pay half of any legal fees and costs incurred by Bill in collecting any performance compensation payments and that each party was awarded one-half of the other's performance compensation collected. (Compl. ¶¶ 17-18; Def.'s Mot. Dismiss 6). Sharon received two payments from PuraCap totaling $374,169.68; following receipt of which Bill prepared an itemized list of the legal fees and costs incurred in recovering the performance compensation payments and the ongoing litigation. (Compl. ¶¶ 22, 24). The itemized list was sent to counsel for Sharon on December 14, 2020, and Bill requested payment no later than December 18, 2020. (Compl. ¶ 24). Between March 2017 and October 2020, Bill purportedly incurred $615,612.05 in attorneys' fees and costs related to collecting payments from PuraCap. (Compl. ¶ 25). Bills claims Sharon owes him one-half of these fees currently totaling $307,806.00, which remain unpaid will increase due to the ongoing litigation. (Compl. ¶¶ 26-28).

Sharon moves to dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Def.'s Mot. Dismiss 1, DN 7). Bill moves for leave to file sur-reply in opposition to motion to dismiss. (Pl.'s Mot. Leave 1, DN 10).

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(1), a party may move for dismissal on the basis of lack of subject matter jurisdiction. "Subject matter jurisdiction is always a threshold determination," and

"may be raised at any stage in the proceedings . . . ." *Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)); *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). On a factual attack, no presumptive truthfulness applies to the factual allegations, and the Court must weigh the conflicting evidence to determine whether subject matter jurisdiction exists. *See Ohio Nat'l Life Ins. Co. v. United* States, 922 F.2d 320, 325 (6th Cir. 1990). When reviewing a factual attack, the Court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*. (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h).

As alleged in the Complaint, subject matter jurisdiction is based upon diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 3). Even if the requirements for diversity jurisdiction are present, the domestic relations exception holds generally that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992) (quoting *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890)); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."). The domestic relations exception applies when a plaintiff attempts to disguise the true nature of the action by claiming that she is merely making a claim for damages based on a breach of contract. *See McLaughlin v.*

*Cotner*, 193 F.3d 410, 413 (6th Cir. 1999); *see also Chevalier v. Est. of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) ("When analyzing the applicability of the domestic-relations exception, we must focus on the remedy that the plaintiff seeks: Does the plaintiff seek an issuance or modification or enforcement of a divorce, alimony, or child-custody decree?" (citation omitted)).

In *McLaughlin v. Cotner*, plaintiff filed a complaint against her ex-husband alleging breach of an agreement for the sale of real estate. *See id*. The plaintiff and the defendant had entered into an agreement to sell residential real estate held by them in joint tenancy as part of a separation agreement which was incorporated into a divorce decree. *See id*. In addressing whether the federal court had jurisdiction, the court stated that because the alleged contract was a part of the separation agreement that was voluntarily entered into by the parties, and the separation agreement was incorporated into the divorce decree, the case was a dispute over the divorce decree. *See id*. at 413. Accordingly, the court found that the domestic relations exception applied and that it lacked subject matter jurisdiction. *See id*. at 415.

Sharon's motion seeks dismissal based upon the domestic relations exception to the Court's subject matter jurisdiction. Like *McLaughlin*, the present case involves a claim for a breach of the settlement agreement which was incorporated into a divorce decree. The "contract" that Bill is claiming Sharon breached is the MSA that the parties both voluntarily entered, and which was incorporated into the divorce decree. In the present case, like *McLaughlin*, Bill is attempting to mischaracterize the nature of his suit by framing his claim as a breach of contract rather than a claim arising out of a divorce. However, Bill is seeking payment for the attorneys' fees and costs incurred in collecting the performance compensation payments, which is covered by the MSA and incorporated into the divorce decree. Thus, the case clearly arises from the divorce and is not an unrelated breach of contract claim between former spouses.

4

To determine whether the domestic relations exception applies, courts must focus on the remedy sought by the plaintiff. *See Taglieri v. Monasky*, No. 1:15 CV 1052, 2015 WL 13794437, at *2 (N.D. Ohio Nov. 13, 2015). In *Taglieri*, the plaintiff asserted claims of fraud, conversion, preliminary or permanent injunction, and temporary restraining order against his ex-wife concerning bank accounts the couple had opened during their marriage. *See id*. at *2. The defendant moved to dismiss the action due to lack of subject matter jurisdiction under the domestic relations exception. *See id*. The court stated that where none of the requested claims or remedies requires the court to dissolve the marriage, award alimony, monitor the plaintiff's need for maintenance and support, or enforce the defendant's compliance with a related court order then the domestic relations exception does not apply. *See id*. at *3. Because the plaintiff's claims were outside the scope of the domestic relations exception, the court in *Taglieri* denied defendant's motion to dismiss for lack of subject matter jurisdiction. *See id*.

Unlike *Taglieri*, the remedy requested by Bill fits squarely within the scope of the domestic relations exception. Bill is seeking to enforce Sharon's compliance with a provision of the MSA which was part of the divorce decree. Thus, this case falls in the scope of the domestic relations exception and Sharon's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction must be granted.[1]

### B. Plaintiff's Motion for Leave to File Sur-Reply

Bill has moved to leave to file a sur-reply to Sharon's motion on the basis that Sharon raised a new issue in her reply. (Pl.'s Mot. Leave File Sur-Reply 1, DN 10). Neither the Federal Rules of Civil Procedure nor the Court's local rules permit the filing of sur-replies. "As many

---

[1] Because the Court is dismissing the Complaint on the basis of subject matter jurisdiction, it is unnecessary to address the sufficiency of the Complaint's allegations under Fed. R. Civ. P. 12(b)(6).

courts have noted, '[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (citation omitted). Notwithstanding Bill's contention, however, he first noted the domestic relations exception in his response to Sharon's motion when he included a parenthetical quoting *Chevalier*. (Pl.'s Resp. Def.'s Mot. Dismiss 4, DN 8). Accordingly, the Court will deny this motion.

### III.　CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss (DN 7) is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Motion for Leave to File Sur-Reply (DN 10) is **DENIED**.

3. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

August 20, 2021

cc:　counsel of record